# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| **JENNIFER LAWSON** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:15-cv-01999-TC |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| **CAROLYN L. COLVIN,** | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Merrill Schneider
Schneider Kerr Law Offices
P.O. Box 14490
Portland, OR 97293
    Attorney for Plaintiff

Billy J. Williams
United States Attorney, District of Oregon
Janice E. Hebert
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204

Jordan D. Goddard
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104
    Attorneys for Defendant

**COFFIN, Magistrate Judge**:

Plaintiff Jennifer Lawson ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under Titles II and XVI of the Social Security Act. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). Because the Commissioner's decision is supported by substantial evidence, the decision should be affirmed and this case should be dismissed.

## DISCUSSION

Plaintiff challenges the ALJ's decision, claiming that he erred by failing to credit the opinion of Plaintiff's vocational rehabilitation counselor. The reviewing court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bray v. Comm'r Soc. Sec. Admin., 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this court may not substitute its judgment for that of the Commissioner. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." Orn v. Astrue, 495 F.3d 625, 630 (9th

Cir. 2007) (quoting Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quotation

marks omitted)).  The reviewing court, however, may not affirm the Commissioner on a ground

upon which the Commissioner did not rely. Orn, 495 F.3d at 630; see also Bray, 554 F.3d

at 1226-26 (citing SEC v. Chenery Corp., 332 U.S. 194, 196 (1947)).

Plaintiff challenges the ALJ's decision on the ground that the ALJ failed to properly

credit the opinion of vocational rehabilitation counselor Victoria Bryce. Ms. Bryce prepared an

Eligibility Determination regarding Plaintiff's eligibility for services in 2013. Tr. 371-88.  She

opined that rehabilitation services would reduce, eliminate, or accommodate Plaintiff's

impediments to employment, and recommended assistive technology; job or training

accommodations including "[e]xtra breaks, time off for medical or mental health appointments,

natural supports and/or extra supervision to ensure understanding of job duties and help with

learning/productivity"; physical restoration including medical treatment; substantial counseling

and guidance; and training. Tr. 376. Ms. Bryce also stated in her eligibility determination that

Plaintiff "requires and can benefit from [vocational rehabilitation] services to prepare for, enter

into, engage in, or retain gainful employment." Tr. 375.

As a vocational rehab counselor, Ms. Bryce was an "other" medical source under the

regulations and thus her opinion is afforded the evidentiary weight of a lay witness under the

Regulations.  While the ALJ must provide "germane reasons" for rejecting the testimony of lay

witnesses, he need not "clearly link his determination to those reasons." Lewis v. Apfel, 236 F.3d

503, 511-12 (9th Cir. 2001); see also Molina v. Astrue, 674 F.3d 1104, 1114 (9th Cir. 2012).

The ALJ did not discuss Ms. Bryce's recommendations in detail, but gave her opinion

little weight because it was vague, inconsistent with Plaintiff's minimal physical examination

findings, and inconsistent with Plaintiff's minimal and conservative treatment. Tr. 27.  Here,

Page 3 – REPORT AND RECOMMENDATION

Ms. Bryce's opinion contains few specific limitations on Plaintiff's functional capacity. Tr. 375-76. Further, the medical record contained minimal and mild physical examination findings that do not support Ms. Bryce's recommendations for extra breaks and time off, as no credible medical source concurred with Ms. Bryce's opinion. See, e.g., Tr. 58-61. On this record, the ALJ provided germane reasons for rejecting Ms. Bryce's opinion and her opinion should be affirmed. Lewis, 236 F.3d at 511-12; see also Burch, 400 F.3d at 679 (the court must uphold the ALJ's rational conclusions that are based on the record).

## RECOMMENDATION

In sum, there was substantial evidence in the record to support the ALJ's non-disability determination.  The decision that Plaintiff is not disabled should therefore be AFFIRMED.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure Rule 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. **Objections to this Report and Recommendation, if any, are due no later than fourteen (14) days from today's date. If objections are filed, any response is due fourteen (14) days from the date of the objections.** See Fed. R. Civ. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED this _8_ day of November, 2016.

Thomas M. Coffin
United States Magistrate Judge